# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

KARYN A. SHAVER,

    plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    defendant.

No. C10-3070-PAZ

**ORDER OF DISMISSAL**

_____

This matter is before the court on the defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. No. 11. For the reasons discussed below, the court grants the defendant's motion to dismiss and dismisses the plaintiff's complaint with prejudice.

## BACKGROUND

The plaintiff filed an application under Title II of the Social Security Act for disability insurance benefits, which was denied in a decision by an Administrative Law Judge ("ALJ") after a hearing. The plaintiff then requested review before the Appeals Council, which was denied on November 8, 2010. Compl. ¶ 2. The ALJ's decision thus became the final decision of the Commissioner of Social Security (the "defendant" or the "Commissioner"). 20 C.F.R. §§ 404.981, 416.1481.

On December 6, 2010, the plaintiff filed a civil cover sheet, with no supporting documents. Doc. No. 2. More than two months later, on February 11, 2011, the plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") (Doc. No. 3) and a complaint (Doc. No. 4). Because the IFP motion had not yet been granted, the Clerk of Court directed plaintiff's counsel to refile the motion with the proposed complaint attached. Plaintiff's counsel complied with this request on February 14, 2011 (Doc. No. 5), and the

motion was granted and the complaint filed. Doc. Nos. 6, 7. For purposed of the motion now before the court, the court will consider the complaint to have been filed on February 11, 2011.

On March 4, 2011, upon the parties' consent, the court reassigned this case to the undersigned Magistrate Judge to conduct all proceedings in this case, including the ordering of entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and LR 73. Doc. No. 10.

On April 13, 2011, the defendant filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), asserting that the plaintiff had not, as required by 42 U.S.C. § 405(g), filed her complaint within sixty days after receiving notice that the Appeals Council had denied review. Doc. No. 11. In support of his motion, the defendant submitted a declaration of the person responsible for processing Social Security claims under Title II of the Social Security Act in civil actions filed in Iowa, which included as an exhibit, *inter alia*, a copy of the November 8, 2010, denial of review by the Appeals Council. Doc. No. 11-2.

On April 28, 2011, the plaintiff resisted the motion, arguing that the filing of a civil cover sheet satisfied the notice pleading requirements of Fed. R. Civ. P. 8, and that she filed the civil cover sheet within the sixty-day limitations period, making her claim timely under 42 U.S.C. § 405(g). Doc. No. 13. Alternatively, the plaintiff maintains that equitable tolling of the sixty-day period should apply because her counsel "was misled by the Court's prior actions with regard to the procedure followed for advancing the appropriate paperwork" to be filed with the Clerk of Court. Doc. No. 13-1 at 5.

On May 12, 2011, counsel for the plaintiff and the defendant appeared at a telephonic hearing to discuss the pending motion and the circumstances surrounding the filing of the complaint.

## DISCUSSION

**A. Legal Standards**

**1. Fed. R. Civ. P. 12(b)(6)**

A civil complaint will be dismissed upon a motion by a defendant if the plaintiff has failed to plead an actionable claim for relief against that defendant. Fed. R. Civ. P. 12(b)(6). To state an actionable claim for relief, a complaint must allege a set of historical facts that, if proved true, would entitle the plaintiff to some legal redress against the named defendants under some established legal theory. At this stage of the litigation, the court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). The plaintiff need not provide specific facts in support of his allegations, but he must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam); *Twombly*, 127 S. Ct. at 1964-65 & n.3). Thus, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.

As a general rule, the court may not consider materials "outside the pleadings" on a motion to dismiss. This does not mean, however, that only the complaint itself may be reviewed. "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "The court, however, may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Little Gem Life Scis., LLC*

*v. Orphan Med., Inc.*, 537 F.3d 913, 916 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)) (internal quotation marks omitted). Materials necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697-98 n.4 (8th Cir. 2003) (quoting *Kushner v. Beverly Enters.*, 317 F.3d 820, 831 (8th Cir. 2003)); *see Jenisio v. Ozark Airlines, Inc., Ret. Plans*, 187 F.3d 970, 972 n.3 (8th Cir. 1999) ("A district court may consider documents on a motion to dismiss where . . . the plaintiffs' claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents.").

### 2. 42 U.S.C. § 405(g)

The Social Security Act provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . , may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (requiring that civil action must be instituted within sixty days after Appeals Council's "notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause"). A claimant is presumed to have received notice of a denial of request for review five days after the date of notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (per curiam). In cases where the plaintiff submits with his

4

complaint an IFP application within the sixty-day period, the relevant period of limitations is suspended until the court rules on the application. *Bishop v. Apfel*, 91 F. Supp. 2d 893, 894 (W.D. Va. 2000).

"[T]he 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986). Nonetheless, the limitations period is "a condition on the waiver of sovereign immunity and . . . must be strictly construed." *Id.* at 479, 106 S. Ct. at 2029. "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481, 106 S. Ct. at 2030-31. Failure to adhere to the sixty-day limitations period, therefore, warrants dismissal. *See Bess*, 337 F.3d at 989-90; *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

The sixty-day time period may, however, be equitably tolled by either the Commissioner or the courts. *See City of New York*, 476 U.S. at 479-81, 106 S. Ct. at 2029-31. Tolling allows a claimant to file an appeal with the federal district court after the sixty-day time-period has expired. *See id.* Tolling only applies in "rare cases," such as where the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights. *Id.* at 481, 106 S. Ct. at 2031; *see Turner*, 862 F.2d at 710 (noting that equitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in misleading or clandestine way); *see also Bess*, 337 F.3d at 990. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009) (quoting *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2009) (en banc)) (internal quotation marks omitted). "[E]quitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading

or fraudulent." *Turner*, 862 F.2d at 710. Such circumstances do not include ignorance of one's legal rights. *Id*. Thus, "[e]quitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) (quoting *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)) (internal quotation marks omitted). Accordingly, equitable tolling has been limited to situations in which "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990) (footnote omitted). "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id*.

**B.   Analysis**

In analyzing the merits of the defendant's motion, the court has considered the allegations contained in the complaint, as well as the defendant's submissions. Because all of those documents are necessarily embraced by the complaint, and because neither party disputes their authenticity, the court's consideration of those documents does not convert the defendant's motion into one for summary judgment. *See Montez v. Astrue*, No. 08-634 (PJS/RLE), 2009 WL 88337, at *3-4 (D. Minn. Jan. 12, 2009) (considering declarations submitted by Commissioner in support of motion to dismiss based upon limitations period); *Cupp v. Astrue*, No. 4:08CV412-DJS, 2008 WL 4489137, at *1 (E.D. Mo. Oct. 3, 2008) (same); *Neal v. Astrue*, No. 06-3073, 2008 WL 508507, at *4 (W.D. Ark. Feb. 21, 2008) (same).

Turning to the merits of the defendant's motion to dismiss, the court notes that, for the plaintiff's request of judicial review to have been timely, she should have filed her complaint or motion to proceed IFP in this court by no later than January 12, 2011, which

is sixty-five days after the Appeals Council denied the plaintiff's request for review on November 8, 2010.

The plaintiff first contends that the civil cover sheet that she filed within the limitations period satisfied the notice pleading requirements of Fed. R. Civ. P. 8 and, therefore, constituted a complaint for purposes of Rule 3. Doc. No. 13-1 at 2-3. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

The civil cover sheet filed in this case does not satisfy any of these requirements. In the cover sheet, the plaintiff states only that her claim arises under 42 U.S.C. § 405(g) and is an "Appeal from Appeals Council for denial of Plaintiff's disability benefits in contradiction to [sic] Social Security Laws." Doc. No. 2. There is no statement of the grounds for the court's jurisdiction, no statement of the claim showing the plaintiff is entitled to relief, and no demand for relief. There simply is not enough information in the civil cover sheet to construe it as a "complaint," even under the liberal standards of notice pleading. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." (alteration in original) (citation omitted)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement). A civil cover sheet "is merely an administrative aid to

the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam); *see* Fed. R. Civ. P. 7 (defining pleadings to include, *inter alia*, complaint but not civil cover sheet).

The plaintiff alternatively maintains that the court should equitably toll the sixty-day limitations period of § 405(g). Doc. No. 13-1 at 4-5. According to the plaintiff's counsel, in previous Social Security appeals, the Clerk of Court had emailed to counsel "the appropriate documentation to fill out to file the remainder of the case, i.e., summons, waiver of service, [and] motion to proceed in forma pauperis." *Id.* at 4.

> After waiting a long period of time for these documents to be emailed [in this case] and not receiving them, counsel contacted the Clerk's office to find out what the problem was. Counsel was advised at that time that the Clerk's office no longer emails these documents and that they can be acquired online. This is the first case that counsel has had where that procedure has been followed. Upon learning this, counsel immediately downloaded the appropriate documents and filed them.

*Id.* The plaintiff's counsel contends that he "was misled by the Court's prior actions with regard to the procedure followed for advancing the appropriate paperwork," warranting equitable tolling of the limitations period in this case. *Id.* at 5.

From information provided to the court by the Clerk of Court, this argument can most charitably be described as disingenuous. According to the Clerk's office, after plaintiff's counsel filed the civil cover sheet in this case, he was "pinged" by the court's electronic filing system, notifying him that the electronic case file had been opened. After that, plaintiff's counsel took no action on the case. A conscientious deputy clerk of court contacted defendant's counsel to inquire about the delay in prosecuting the case, and was told by counsel that his secretary had been absent from the office and that the case had "slipped through the cracks." This information is not consistent with the representations made by counsel in his resistance to the defendant's motion to dismiss.

8

In any event, the Clerk of Court has never had a practice in Social Security appeals of emailing to plaintiff's counsel the documents necessary to "file the remainder of the case" upon the filing of a civil cover sheet. The Clerk does file a summons and a "Social Security Packet" in the docket *after* the complaint is filed, but none of these documents is required to complete the filing of the case. Plaintiff's counsel only needed to file a complaint and, if necessary, an IFP motion. The Clerk of Court has no obligation to prepare these documents for plaintiff's counsel.

For example, in a Social Security appeal filed by plaintiff's counsel in 2008, *Moriarity v. Commissioner of Social Security*, No. 3:08-cv-03011-MWB, counsel commenced the lawsuit by filing a civil cover sheet on March 10, 2008, and then filed an IFP motion with an attached proposed complaint on April 23, 2008. The motion was granted, and the complaint was filed the next day. The Summons and "New Case Packet" were sent out by the Clerk of Court *after* the complaint was filed. In *Fink v. Commissioner of Social Security*, No. 3:08-cv-03015-PAZ, another Social Security appeal filed by plaintiff's counsel, the events took place in the same sequence.

Under any interpretation of the facts, counsel for the plaintiff has not shown that he was diligent or actively pursuing the plaintiff's judicial remedies in this case.

In any event, the plaintiff's counsel fails to indicate any extraordinary circumstances that stood in his way to filing a timely complaint. The effort to blame the Clerk of Court is unavailing, and plaintiff's counsel does not argue that the Commissioner fraudulently induced the plaintiff into allowing the filing deadline to pass or that the Commissioner acted in a misleading or clandestine way to hinder the plaintiff's attempts to exercise her rights. While in some situations the timely filing of a defective pleading might provide extraordinary circumstances that would justify tolling the limitations period, this principle has never been applied to a situation similar to the present one. Tolling has been applied to the timely filing of a complaint in the wrong court, *Burnett v. N.Y. Cent. R.R Co.*, 380

U.S. 424, 428, 85 S. Ct. 1050, 1054 (1965); *Herb v. Pitcairn*, 325 U.S. 77, 78-79, 65 S. Ct. 954, 954-55 (1945), or to the timely filing of a defective class action. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53, 94 S. Ct. 756, 765-66 (1974). The plaintiff points to no authority in which equitable tolling has been applied to excuse the untimely filing of a complaint under the circumstances in this case. In sum, "this is not a case where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Turner*, 862 F.2d at 710 (quoting *City of New York*, 476 U.S. at 480, 106 S. Ct. at 2030) (internal quotation marks omitted).

For these reasons, the plaintiff's complaint must be dismissed as untimely. The court, therefore, grants the defendant's motion to dismiss and dismisses the plaintiff's complaint with prejudice.

## CONCLUSION

Because this action was filed more than sixty days after the plaintiff presumptively received notice of the Commissioner's final decision, in the absence of circumstances warranting equitable tolling, the defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (Doc. No. 11) is **GRANTED**, and the plaintiff's complaint (Doc. No. 7) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 12th day of May, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT